United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL ALONSO ZARAGOZA,<br>Petitioner,<br>v.<br>KIRSTJEN NIELSEN, et al.,<br>Respondents. | Case No. 4:18-cv-00937-KAW<br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Petitioner Jose Manuel Alonso Zaragoza, who is in the custody of the Department of Homeland Security pending removal proceedings, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner is a native of Mexico, who entered the United States without inspection in the 1980s. He is married to a United States citizen and has two adult children, who are also United States citizens. On April 3, 1992, Petitioner pleaded guilty to a misdemeanor conviction for carrying a loaded firearm in public. On October 19, 1998, his conviction was expunged after he successfully completed probation. (Compl., Dkt. No. 1, Ex. B.)

On May 2, 1996, deportation proceedings were initiated by immigration authorities, and Petitioner was served with an order to show cause charging him as deportable under Section 241(a)(1)(B) of the Immigration and Nationality Act ("INA") for having entered the United States without inspection. (*See* Compl., Ex. A.) On January 26, 1999, the Immigration and Naturalization Service served Petitioner with an additional charge of deportability for having been convicted of a firearm offense. *See id.* On July 12, 2000, a deportation hearing was held, at which Petitioner admitted to entering the United States without inspection, but denied being

1 deportable for the firearms expense.

2 Petitioner filed an application for suspension of deportation. On November 1, 2000, the Immigration Judge denied Petitioner's application and ordered him deported to Mexico. Petitioner appealed his case to the Board of Immigration Appeals, which affirmed the Immigration Judge's decision on June 3, 2002. (Compl., Ex. C.) Petitioner filed a petition for review with the Ninth Circuit, which was dismissed on March 14, 2003. On July 8, 2003, Petitioner was removed to Mexico. (Compl., Ex. D.)

On July 11, 2017, Petitioner was apprehended by immigration agents and served with a notice that the Department of Homeland Security ("DHS") was planning to reinstate his prior order of removal. (*See* Compl., Ex. D.) Petitioner has been in DHS custody and has been detained at the West County Detention Facility in Richmond, California since that time, but has not been afforded a bond hearing. On January 8, 2018, approximately six months after being placed in DHS custody, Petitioner requested a bond hearing before an Immigration Judge. On January 22, 2018, the Immigration Judge denied his request for a bond hearing on the grounds that there is "[n]o jurisdiction for IJs to decide such cases." (Compl., Ex. F.)

## DISCUSSION

### A. Legal Standard

This court may entertain a petition for habeas corpus on behalf of a person "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). The court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B. Petitioner's Legal Claims

Petitioner seeks federal habeas corpus relief on the grounds that that his prolonged detention without a bond hearing violates his rights under the Due Process Clause of the Fifth

Amendment. Liberally construed, the claims appear colorable under 28 U.S.C. § 2241 and merit an answer from respondents.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. Petitioner shall serve by certified mail a copy of this order and the petition and all attachments thereto upon Respondents.
2. Respondents shall file with the court and serve on Petitioner, within 60 days of the date of this order, an answer showing why a writ of habeas corpus should not be issued. Respondents shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.
3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondents within 30 days of his receipt of the answer.

IT IS SO ORDERED.

Dated: March 13, 2018

KANDIS A. WESTMORE
United States Magistrate Judge